# In the United States Court of Federal Claims
## OFFICE OF SPECIAL MASTERS
### No. 18-0027V
### UNPUBLISHED

|  |  |
|---|---|
| MELISSA BISHOP<br><br>　　　　　　　Petitioner,<br>v.<br><br>SECRETARY OF HEALTH AND<br>HUMAN SERVICES,<br><br>　　　　　　　Respondent. | Chief Special Master Corcoran<br><br>Filed: December 9, 2020<br><br>Special Processing Unit (SPU);<br>Damages Decision Based on Proffer;<br>Influenza (Flu) Vaccine; Shoulder<br>Injury Related to Vaccine<br>Administration (SIRVA) |

*Maximillian J. Muller, Muller Brazil, LLP, Dresher, PA, for petitioner.*

*Traci R. Patton, U.S. Department of Justice, Washington, DC, for respondent.*

## DECISION AWARDING DAMAGES[1]

On January 4, 2018, Melissa Bishop filed a petition for compensation under the National Vaccine Injury Compensation Program, 42 U.S.C. §300aa-10, *et seq.*[2] (the "Vaccine Act"). Petitioner alleges that she suffered left shoulder injuries related to vaccine administration ("SIRVA") as a result of an influenza ("flu") vaccine received on December 1, 2016. Petition at 1. The case was assigned to the Special Processing Unit of the Office of Special Masters.

On November 20, 2020, a ruling on entitlement was issued, finding Petitioner entitled to compensation for SIRVA. On December 9, 2020, Respondent filed a proffer on award of compensation ("Proffer") indicating Petitioner should be awarded $52,936.14. Proffer at 2. In the Proffer, Respondent represented that Petitioner agrees with the

---

[1] Because this unpublished decision contains a reasoned explanation for the action in this case, I am required to post it on the United States Court of Federal Claims' website in accordance with the E-Government Act of 2002.  44 U.S.C. § 3501 note (2012) (Federal Management and Promotion of Electronic Government Services). **This means the decision will be available to anyone with access to the internet.** In accordance with Vaccine Rule 18(b), Petitioner has 14 days to identify and move to redact medical or other information, the disclosure of which would constitute an unwarranted invasion of privacy. If, upon review, I agree that the identified material fits within this definition, I will redact such material from public access.

[2] National Childhood Vaccine Injury Act of 1986, Pub. L. No. 99-660, 100 Stat. 3755. Hereinafter, for ease of citation, all section references to the Vaccine Act will be to the pertinent subparagraph of 42 U.S.C. § 300aa (2012).

proffered award. *Id.* Based on the record as a whole, I find that Petitioner is entitled to an award as stated in the Proffer.

Pursuant to the terms stated in the attached Proffer, **I award Petitioner a lump sum payment of $52,936.14 (comprised of $52,500.00 for pain and suffering and $436.14 for past out of pocket medical expenses) in the form of a check payable to Petitioner.** This amount represents compensation for all damages that would be available under § 15(a).

The clerk of the court is directed to enter judgment in accordance with this decision.[3]

**IT IS SO ORDERED.**

> **s/Brian H. Corcoran**
> Brian H. Corcoran
> Chief Special Master

---

[3] Pursuant to Vaccine Rule 11(a), entry of judgment can be expedited by the parties' joint filing of notice renouncing the right to seek review.

**IN THE UNITED STATES COURT OF FEDERAL CLAIMS**
**OFFICE OF SPECIAL MASTERS**

|  |  |
|---|---|
| MELISSA BISHOP,<br><br>        Petitioner,<br><br>v.<br><br>SECRETARY OF HEALTH AND HUMAN SERVICES,<br><br>        Respondent. | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) |

No. 18-27V
Chief Special Master Corcoran
ECF

**RESPONDENT'S PROFFER ON AWARD OF COMPENSATION**

On January 4, 2018, Melissa Bishop ("petitioner") filed a petition for compensation under the National Childhood Vaccine Injury Act of 1986, 42 U.S.C. §§ 300aa-1 to 34 ("Vaccine Act" or "Act"), alleging that she suffered "left shoulder injuries" following administration of an influenza vaccine on December 1, 2016.  Petition at 1-3.  On December 18, 2019, the Secretary of Health and Human Services ("respondent") filed an Amended Vaccine Rule 4(c) Report advising that, in light of Chief Special Master Corcoran's Findings of Fact ruling that the onset of petitioner's left arm pain occurred within 48 hours of vaccination, and the medical evidence submitted in this case, respondent would not continue to defend the case.  Amended Rule 4(c) Report at 8 (ECF #37).  On November 20, 2020, Chief Special Master Corcoran issued a Ruling on Entitlement, finding that petitioner had "provided preponderant evidence to establish that the flu vaccine she received on December 1, 2016, likely caused her to suffer pain and reduced range

of motion in her left shoulder" and that she was therefore entitled to compensation[1] *See* Ruling

on Entitlement (ECF #42).

### I.      Items of Compensation

Based upon the evidence of record, respondent proffers that petitioner should be awarded

$52,936.14.  The award is comprised of the following:  $52,500.00 for pain and suffering and

$436.14 for past out of pocket medical expenses.  This amount represents all elements of

compensation to which petitioner would be entitled under 42 U.S.C. § 300aa-15(a).  Petitioner

agrees.

### II.     Form of the Award

The parties recommend that compensation provided to petitioner should be made  through

a lump sum payment of **$52,936.14** in the form of a check payable to petitioner.[2]  Petitioner

agrees.

Petitioner is a competent adult.  Evidence of guardianship is not required in this case

> Respectfully submitted,
>
> JEFFREY BOSSERT CLARK
> Acting Assistant Attorney General
>
> C. SALVATORE D'ALESSIO
> Acting Director
> Torts Branch, Civil Division

---

[1] Respondent has no objection to the amount of the proffered award of damages set forth herein.
Assuming the Chief Special Master issues a damages decision in conformity with this proffer,
respondent waives his right to seek review of such damages decision.  However, respondent
reserves his right, pursuant to 42 U.S.C. § 300aa-12(e), to seek review of the Chief Special
Master's November 20, 2020, ruling on entitlement.

[2] Should petitioner die prior to entry of judgment, the parties reserve the right to move the Court
for appropriate relief.  In particular, respondent would oppose any award for future lost earnings
and future pain and suffering.

CATHARINE E. REEVES
Deputy Director
Torts Branch, Civil Division

DARRYL R. WISHARD
Assistant Director
Torts Branch, Civil Division

s/Traci R. Patton
TRACI R. PATTON
Senior Trial Attorney
Torts Branch, Civil Division
U.S. Department of Justice
P.O. Box 146
Ben Franklin Station
Washington, DC 20044-0146
Tel:  (202) 353-1589

Dated:  December 9, 2020